Evan S. Goldstein   (#011866)
Hesam Alagha      (#026607)
**HERMAN GOLDSTEIN & WOODS**
1850 East Thunderbird
Phoenix, Arizona  85022
(602) 569-8200
egoldstein@hgfirm.com
halagha@hgfirm.com
meo@hgfirm.com

*Attorneys for Defendant Allstate*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Roberta Bechtel and Ronald Johnson, a married couple; Stacie Sholer, a single woman; | Case No.:  2:18-cv-04238-SPL |
| Plaintiffs, | **ANSWER TO THE FIRST AMENDED COMPLAINT** |
| vs. | |
| Allstate Fire and Casualty Insurance Company, a foreign corporation; | (Assigned to the Hon. Steven P. Logan) |
| Defendant. | |

Defendant Allstate Fire and Casualty Insurance Company ("Allstate"), for its Answer to Plaintiffs' Complaint, admits, denies and alleges as follows:

1.     Defendant admits the allegations contained in Paragraph 1 of Plaintiffs' Complaint.

2.     Defendant admits the allegations contained in Paragraph 2 of Plaintiffs' Complaint.

3.     Defendant admits the allegations contained in Paragraph 3 of Plaintiffs' Complaint.

4.     Defendant admits the allegations contained in Paragraph 4 of Plaintiffs' Complaint.

1

5.    Defendant admits the allegations contained in Paragraph 5 of Plaintiffs' Complaint.

6.    Defendant admits the allegations contained in Paragraph 6 of Plaintiffs' Complaint.

7.    Defendant admits the allegations contained in Paragraph 7 of Plaintiffs' Complaint.

8.    Defendant admits the allegations contained in Paragraph 8 of Plaintiffs' Complaint.

9.    Defendant admits that Plaintiffs were insured under an Allstate auto policy No. 816936512 issued to Stacie Sholer, which included Underinsured Motorist ("UIM") coverage of $100,000 per person and $300,000 per accident.  Defendant is without knowledge and information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 9 of Plaintiffs' Complaint and therefore denies same.

10.    Defendant admits only that a collision occurred between Plaintiffs and non-party Timothy Bohart at the intersection of E. Robert E. Lee Street and N. Tatum Blvd. on July 28, 2017.  Defendant is without knowledge and information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 9 of Plaintiffs' Complaint and therefore denies same.

11.    Defendant denies the allegations contained in Paragraph 11 of Plaintiffs' Complaint.

12.    Defendant is without knowledge and information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 12 of Plaintiffs' Complaint and therefore denies same.

2

13. Defendant is without knowledge and information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 13 of Plaintiffs' Complaint and therefore denies same.

14 Defendant is without knowledge and information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 14 of Plaintiffs' Complaint and therefore denies same.

15. Defendant is without knowledge and information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 15 of Plaintiffs' Complaint and therefore denies same.

16. Defendant is without knowledge and information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 16 of Plaintiffs' Complaint and therefore denies same.

17. Defendant admits the allegations contained in Paragraph 17 of Plaintiffs' Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of Plaintiffs' Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of Plaintiffs' Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of Plaintiffs' Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of Plaintiffs' Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of Plaintiffs' Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of Plaintiffs' Complaint.

24.     Defendant denies the allegations contained in Paragraph 24 of Plaintiffs' Complaint.

25.     Defendant admits only that Plaintiff Bechtel is considered an insured person under the UIM provision of the Allstate policy.  Defendant denies the remaining allegations contained in Paragraph 25 of Plaintiffs' Complaint.

26.     Defendant denies the allegations contained in Paragraph 26 of Plaintiffs' Complaint.

27.     Defendant admits the allegations contained in Paragraph 27 of Plaintiffs' Complaint.

28.     Defendant admits the allegations contained in Paragraph 28 of Plaintiffs' Complaint.

29.     Defendant denies the allegations contained in Paragraph 29 of Plaintiffs' Complaint.

30.     Defendant incorporates by reference all previous responses as if fully set forth herein.

31.     Defendant denies the allegations contained in Paragraph 31 of Plaintiffs' Complaint.

32.     Defendant denies the allegations contained in Paragraph 32 of Plaintiffs' Complaint.

33.     Defendant denies the allegations contained in Paragraph 33 of Plaintiffs' Complaint.

34.     Defendant denies the allegations contained in Paragraph 34 of Plaintiffs' Complaint.

35.     Defendant denies the allegations contained in Paragraph 35 of Plaintiffs' Complaint.

36.    Defendant denies the allegations contained in Paragraph 36 of Plaintiffs' Complaint.

37.    Defendant denies the allegations contained in Paragraph 37 of Plaintiffs' Complaint.

38.    Defendant denies the allegations contained in Paragraph 38 of Plaintiffs' Complaint.

39.    Defendant denies the allegations contained in Paragraph 39 of Plaintiffs' Complaint.

40.    Defendant admits that Plaintiffs' alleged damages satisfy the minimum jurisdictional amount required.    However, Defendant denies Plaintiffs' allegation regarding their damages.

41.    Defendant incorporates by reference all previous responses as if fully set forth herein.

42.    Defendant admits only that a duty of good faith and fair dealing is implied in every insurance contract.

43.    Defendant admits only that Arizona law imposes certain duties on insurers and insureds and that the subject Allstate policy provided for UIM coverage to Plaintiffs.  Defendant denies that it ever breached its duties to Plaintiffs.  Defendant is without knowledge and information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 43 of Plaintiffs' Complaint and therefore denies same.

44.    Defendant denies the allegations contained in Paragraph 44 of Plaintiffs' Complaint.

45.    Defendant denies the allegations contained in Paragraph 45 of Plaintiffs' Complaint.

5

46.     Defendant denies the allegations contained in Paragraph 46 of Plaintiffs' Complaint.

47.     Defendant denies the allegations contained in Paragraph 47 of Plaintiffs' Complaint.

48.     Defendant denies the allegations contained in Paragraph 48 of Plaintiffs' Complaint.

49.     Defendant is without knowledge and information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 49 of Plaintiffs' Complaint and therefore denies same.

50.     Defendant denies the allegations contained in Paragraph 50 of Plaintiffs' Complaint.

51.     Defendant denies the allegations contained in Paragraph 51 of Plaintiffs' Complaint.

52.     Defendant denies the allegations contained in Paragraph 52 of Plaintiffs' Complaint.

53.     Defendant denies the allegations contained in Paragraph 53 of Plaintiffs' Complaint.

54.     Defendant denies the allegations contained in Paragraph 54 of Plaintiffs' Complaint.

55.     Defendant denies the allegations contained in Paragraph 55 of Plaintiffs' Complaint.

56.     Defendant denies the allegations contained in Paragraph 56 of Plaintiffs' Complaint.

57.     Defendant denies the allegations contained in Paragraph 57 of Plaintiffs' Complaint.

58.     Defendant denies the allegations contained in Paragraph 58 of Plaintiffs' Complaint.

59.     Defendant denies the allegations contained in Paragraph 59 of Plaintiffs' Complaint.

60.     Defendant admits only that jurisdiction is proper in this Court.

61.     Defendant incorporates by reference all previous responses as if fully set forth herein.

62.     Defendant admits Arizona's prohibition on unfair or deceptive acts. However, Defendant denies any violation of the Arizona administrative code.

63.     Defendant denies the allegations contained in Paragraph 63 of Plaintiffs' Complaint.

64.     Defendant denies the allegations contained in Paragraph 64 of Plaintiffs' Complaint.

65.     Defendant denies the allegations contained in Paragraph 65 of Plaintiffs' Complaint.

66.     Defendant denies the allegations contained in Paragraph 66 of Plaintiffs' Complaint.

67.     Defendant denies the allegations contained in Paragraph 67 of Plaintiffs' Complaint.

68.     Defendant denies the allegations contained in Paragraph 68 of Plaintiffs' Complaint.

69.     Defendant denies the allegations contained in Paragraph 69 of Plaintiffs' Complaint.

70.     Defendant admits only that jurisdiction is proper in this Court.

Defendant further denies each and every allegation alleged in Plaintiffs' Complaint not heretofore expressly admitted herein.

Defendant further alleges as affirmative defenses, appraisal, accord and satisfaction, waiver, estoppel and failure to mitigate damages and those affirmative defenses set forth in Rule 8, Ariz.R.Civ.P.  Defendant also seeks its attorneys' fees and costs incurred herein pursuant to A.R.S. §§ 12-341, 12-341.01.

WHEREFORE, having fully answered Plaintiffs' Complaint, Defendant prays that same be dismissed as to Defendant, and that Defendant have and recover its attorneys' fees and costs incurred herein.

RESPECTFULLY SUMBITTED this 4th day of March, 2019.

**HERMAN GOLDSTEIN & WOODS**

By: ___/s/ *Hesam Alagha*___
Evan S. Goldstein
Hesam Alagha
1850 East Thunderbird
Phoenix, Arizona 85022
*Attorneys for Defendant Progressive*

/ / /

/ / /

8

**CERTIFICATE OF SERVICE**

I hereby certify that on March 4, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing, and served on Plaintiffs by mailing to:

Abdoukadir 'Abdul' Jaiteh, Esq.
Brandon E. Lebovitz, Esq.
AJ LAW, PLC
7201 North 7th Street
Phoenix, Arizona 85020
*Attorneys for Plaintiffs*

By /s/*Diane Arroyo*
Def/Allstate Bad Faith/Bechtel/ds//3001-1550